R. W. McMURRAY, et al. v. ARCADY FARMERS MILLING CO.

Western Section.    November 26, 1927.

Petition for Certiorari denied by Supreme Court, February 18, 1928.

1. **Trial. Motion for a directed verdict is not proper when cause is submitted to the court without a jury.**
   It is not proper to make a motion for directed verdict when a cause is submitted before a trial judge without the intervention of a jury.

2. **Partnership. Evidence. A party's liability for firm debts may be proved by his admissions.**
   The fact that a certain person was a member of a partnership, therefore liable for the firm debts at a specified time, may be proved by his admissions that he was a partner.

3. **Partnership. Evidence. Statements of a partner as to his relation in the firm held admissible.**
   Where the defendant denied that he was a member of the firm sued, evidence of the representative of a credit agency that the party advised him that he was a member of the firm, held admissible.

4. **Partnership. Evidence. Evidence held sufficient to establish partnership.**
   In an action against a partnership to recover for goods sold where one of the defendants denied that he was a member of the firm, the evidence examined and held to show that the defendant was a partner at the time the goods were bought and delivered.

Appeal in Error from Circuit Court, Shelby County; Hon. M. R. Patterson, Judge.

Affirmed.

Kelly & McClure, McDonald & McDonald and R. W. Hall, all of Memphis, for plaintiff in error.

Allen Cox and J. W. Harris, Jr., of Memphis, for defendant in error.

OWEN, J. The Arcady Milling Company, a corporation, sued R. W. McMurray and E. B. Anderson as partners under the style and firm name of R. W. McMurray & Company for one carload of mixed feed shipped from East St. Louis, Illinois to the defendants at Memphis, Tennessee on October 8, 1924. The amount of the invoice was $861. The plaintiff had previously sold the defendants but shipped with bill of lading attached until the shipment was made on October 8, 1924 when by oversight the defendants were permitted to come into possession of the car of feed without paying for the same. Plaintiff recovered a judgment against the defendants for the amount of the account, with interest thereon, the total judgment being $997.18, and cost of suit. The cause was heard before the Hon. M. R. Partnerson, Circuit Judge, without the intervention of a jury. Mr. McMurray did not deny the account. Mr. Anderson denied being a partner or having any interest in the firm of R. W. McMurray & Company at the time the carload of feed was purchased. The trial judge held that Anderson was a partner in the firm. Anderson seasonably filed a motion for a new trial containing a number of grounds, which motion was overruled. He prayed and perfected an appeal to this court and has assigned seven errors.

The first, second and third assignments of error all raise the question that the court erred in rendering a judgment against E. B. Anderson for the reason that no competent proof was introduced to show a partnership existing between McMurray and Anderson. The sixth and seventh assignments complain that the court erred in failing and refusing to grant the motion of E. B. Anderson for a directed verdict made in his behalf at the close of plaintiff's proof in chief and renewed at the close of all the proof. These two assignments are overruled and disallowed. It is not proper to make a motion for a directed verdict when a cause is submitted before a trial judge without the intervention of a jury. However the defendant Anderson will get the benefit of his contention in regard to a directed verdict in our consideration of the first three assignments when we say whether or not there is any competent proof or evidence upon which a judgment can be based holding the defendant Anderson liable for plaintiff's demand.

The fourth and fifth assignments of error complain of the court's error in admitting the testimony of the witnesses Counsel and Mason, who testified that Anderson had admitted to each of them that he was a partner of the firm of R. W. McMurray & Company.

We will dispose of the fourth and fifth assignments of error together.

Mr. Anderson admits that he had been a partner with McMurray; that he formed a partnership sometime about the first of 1923 and that said partnership lasted about two years. He is not definite as

to when the partnership commenced and when it ended; that he and McMurray were engaged in the buying of cotton seed and that the name of the firm was R. W. McMurray & Company; that it had stationery printed and Anderson's name appeared on the firm's stationery. The witness Mason, in 1924, was a representative of the Bradstreet Mercantile Agency. He was connected with the Memphis office, and it was his business to interview mercantile firms and get a statement from the firms. On November 8, 1924, Mason called on R. W. McMurray & Company. He had a conversation with the defendant E. B. Anderson, and Mason testified that Anderson told him at that time that he was a full partner in the firm of R. W. McMurray & Company. The witness Mason made out a complete report from said interview and a copy of the report made at that time was filed as an exhibit to his deposition. The witness Council was the local representative of R. G. Dun & Company, a mercantile agency, engaged in business similar to that of Bradstreet. It appears that Dun & Company had an inquiry about R. W. McMurray & Company and on January 29, 1925, about three and a half months after the carload of feed had been shipped to the defendants, Mr. Council called on A. W. McMurray & Company and Anderson gave a signed statement to Council in which statement he gave the assets and liabilities of the firm, signed the statement, and, among the parties mentioned with whom McMurray & Company were doing business Anderson sets out the plaintiff. Anderson admits signing this statement in which he stated that the firm of McMurray & Company was composed of R. W. McMurray and E. B. Anderson; that the name of each partner, their ages, and that they were both married; and also the property that each owned.

The fact that a certain person was a member of a partnership, therefore liable for the firm debts at a specified time, may be proved by his admissions that he was a partner. R. C. L., Vol. 20, page 847.

We are of opinion that the evidence of Mason and Council was competent and that the court was not in error in admitting the same. It results that the fourth and fifth assignments of error are overruled.

As to the other three assignments, we find material evidence to show that E. B. Anderson was a partner in the firm of R. W. McMurray & Company when plaintiff sold the carload of goods. McMurray & Company had a bank account with the First National Bank of Memphis. Mr. Craig, the vice-president of that bank, produced a signature card belonging to the bank for the account of R. W. McMurray & Company on which card the signature of R. W. McMurray & Company "E. B. A." appeared. This was admitted to be the signature of Mr. Anderson and this account was opened December 7, 1923. This was about the time that Anderson and McMurray formed their partnership. If it lasted two years it lasted beyond the time

that the goods were sold by the plaintiff to McMurray & Company. If it lasted one year, it lasted beyond the time of the sale of the goods.

It is insisted that the plaintiff did not know that Anderson was a partner with McMurray and knew nothing about the evidence that was later on developed by Mason and Council and that the question of estoppel on the part of Anderson did not apply. The proof shows . that the plaintiff made no investigation as to who composed the firm of McMurray & Company. It did not extend to McMurray & Company any credit. It expected its goods to be paid for by sight draft, bill of lading attached, but by a slip or oversight in the office of the plaintiff the car of goods in controversy reached McMurray & Company on open account, or said firm procured possession of it without paying any draft. They had paid sight drafts for all the cars they had bought prior to this time, from the plaintiff, before the goods were delivered.

The question of estoppel, need not be considered in this case. We find material competent evidence that establishes the fact that E. B. Anderson at the time the goods were sold and shipped was a partner in the firm of R.W. McMurray & Company, and it results that all of the assignments of error are overruled and disallowed and the judgment of the lower court is affirmed.

The plaintiff will recover of the defendants E. B. Anderson and the Fidelity & Deposit Company of Maryland, surety on appeal bond, the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition, and all of the costs of the cause, including the cost of appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.